## COHU *v.* HUSSON.

*(Superior Court of New York City, General Term.* March 5, 1889.)

COSTS—ACTIONS BY EXECUTORS.
> Under Code Civil Proc. N. Y. § 3246, providing that in an action brought by an executor in his representative capacity, costs must be awarded as in an action by one prosecuting in his own right, where defendant, in an action brought by an executor as such, recovers judgment on a set-off, he is entitled to costs.

Appeal from special term.

Action by Aaron B. Cohu, as executor of Joseph F. Cohu, deceased, against Joseph Husson. Judgment for defendant, who appeals from an order denying his application to reverse the decision of the clerk in refusing to enter judgment for him for costs.

Agued before SEDGWICK, C. J., and DUGRO, J.

*Edward P. Wilder,* for appellant. *Abram Kling,* for respondent.

SEDGWICK, C. J.   The action was upon a promissory note made by the defendant.   The plaintiff assumed to represent the estate of Joseph F. Cohu, deceased.   The answer, among other things, alleged that the amount of a certain note made by one Henry Cohu should be offset against the plaintiff's demand.   The defendant succeeded in establishing this, for reasons not necessary to consider.   It is not material that Henry Cohu had died.   It may be material to say that the offset would not lead to a recovery of a judgment for any sum of money against the plaintiff representing Joseph F. Cohu, and that the defense of offset was equivalent to a defense of extinguishment or payment.   The result was that the plaintiff failed to establish his action.   As for that reason, he was not entitle to costs.   The defendant was entitled to them, unless the plaintiff was exempt from liability for costs because he was an executor.   Section 3246 of the Code says that in an action brought by an executor in his representative capacity costs must be awarded as in an action by a person prosecuting in his own right, except as otherwise prescribed by sections 1835 and 1836.   These last sections regulate only the award of costs in an action brought against an executor.   I think, therefore, that the clerk should have taxed the costs, and have inserted in the judgment an award of them in favor of the defendant against the plaintiff.   Section 3246 directs as to whether the estate or the plaintiff personally shall pay them.   This is not a question here.   The order should be reversed, with $10 costs, and an order entered reversing decision of clerk, with proper directions to him.

DUGRO, J., concurs.